**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **SUNCERIRAY STALLWORTH,** | ) | **CASE NO. 1:13 CV 1273** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CMHA,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Sunceriray Stallworth filed this action against the Cleveland Metropolitan Housing Authority ("CMHA"). In the complaint, plaintiff alleges she was arrested by Euclid police and fired from her job. She attaches a right to sue letter from the EEOC, but does not give any indication of the legal claim she intends to pursue, nor does she specify the relief she seeks.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2). That Motion is granted.

**Background**

Plaintiff's complaint is very brief. It states in its entirety:

> I believe CMHA used their police influence with Euclid Police Department to get them to press charges on me weeks after my kid's father was arrested so they would be able to fire me! I filed a retaliation charge previously and then received threats.

(ECF No. 1 at 1).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Analysis

Plaintiff provides a very brief narrative but gives no indication of the nature of her lawsuit or the legal claims she intends to assert against the Defendant. It appears her claim may be related to her employment; however, she does not specify which statute she believes the Defendant violated and the Court is unaware of a federal statute that prohibits employers from firing employees for being arrested and charged with committing a crime. Similarly, while plaintiff contends she filed retaliation charges, she does not elaborate on the nature of those charges, who was retaliating against her, why they were retaliating against her, or to whom she reported the retaliation. She does not suggest whether the retaliation charges related to the Defendant or the Euclid Police.

Absent an indication of the type of cause of action plaintiff seeks to bring, she has not satisfied basic notice pleading requirements of Federal Civil Procedure Rule 8. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, plaintiff's failure to identify a particular legal theory in her complaint places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Plaintiff's complaint fails to state a claim upon which relief may be granted.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

       IT IS SO ORDERED.

       */s/Dan Aaron Polster 10/22/13*
       DAN AARON POLSTER
       UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.